NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSE JAMES HURST, | No. 15-70033 |
| Petitioner, | Agency No. A072-528-470 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2020[**]

Before: TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

Jesse James Hurst, a native and citizen of Honduras, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, cancellation of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

In his appeal to the BIA, Hurst did not challenge the IJ's determinations that because of his criminal history he is ineligible for asylum, withholding of removal, and cancellation of removal. We therefore lack jurisdiction to consider those claims. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

As to Hurst's claim for CAT protection, substantial evidence supports the agency's adverse credibility determination. That evidence includes Hurst's false representations during one of his immigration proceedings that he was a citizen of Mexico. When Hurst made those representations, he had been in the United States for several years. He was neither in flight from Honduras nor trying to secure his entry into the United States. *Cf. Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("[A] genuine refugee escaping persecution may lie about his citizenship to immigration officials in order to flee his place of persecution or secure entry into the United States," but when a person otherwise chooses to lie to immigration

15-70033

authorities, "[t]hat always counts as substantial evidence supporting an adverse credibility determination.").

Hurst's explanations for those representations and the otherwise inconsistent claims for relief that he raised over the course of his multiple immigration proceedings do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) ("[T]he record does not compel the finding that the IJ's unwillingness to believe this explanation . . . was erroneous."). In the absence of credible testimony, Hurst failed to establish his eligibility for CAT protection. *See Shrestha*, 590 F.3d at 1049.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**